THE HONORABLE JUDGE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) | Civil No. _____ |
| | ) | |
| Applicant, | ) | NATIONAL LABOR |
| v. | ) | RELATIONS BOARD'S |
| | ) | APPLICATION FOR AN ORDER |
| THE BOEING COMPANY, | ) | TO SHOW CAUSE AND ORDER |
| | ) | REQUIRING COMPLIANCE |
| Respondent. | ) | WITH BOARD SUBPOENA |
| | ) | *DUCES TECUM* B-648185 |
| | ) | |
| | ) | ORAL ARGUMENT REQUESTED |

NOTE ON MOTION CALENDAR:
December 16, 2011

ANNE P. POMERANTZ
MARA-LOUISE ANZALONE
PETER G. FINCH
RACHEL HARVEY
National Labor Relations Board
Region 19
2948 Jackson Federal Building
915 Second Avenue
Seattle, WA 98174
Telephone: (206) 220-6301
Facsimile: (206) 220-6305
Email: Anne.Pomerantz@nlrb.gov
        Mara-Louise.Anzalone@nlrb.gov
        Peter.Finch@nlrb.gov
        Rachel.Harvey@nlrb.gov

Application for Enforcement                    - 1 -        NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                                 Region 19
Civil No. _____                                       2948 Jackson Federal Building
                                                           915 Second Avenue
                                                           Seattle, Washington
                                                           (206) 220-6301

1       The National Labor Relations Board (the "Board" or the "NLRB"), an administrative agency

2 of the Federal Government created pursuant to the National Labor Relations Act, as amended (the

3 "Act"), 29 U.S.C. § 151 *et seq.,* applies to this Court pursuant to § 11(2) of the Act [29 U.S.C. §

4 161(2)], for an order requiring Respondent The Boeing Company ("Respondent") to comply with

5 subpoena *duces tecum* issued by the Board and duly served upon Respondent by the Acting

6 General Counsel for the Board (the "Acting General Counsel") in the manner provided by law.

7       This Application is being filed concurrently with a second Application for an order requiring

8 Respondent to comply with a similar subpoena *duces tecum* issued on behalf of Charging Party in

9 the administrative proceeding, the International Association of Machinists and Aerospace Workers,

10 District Lodge 751, AFL-CIO, affiliated with International Association of Machinists and Aerospace

11 Workers ("Charging Party").  As the issues presented and interested parties involved in these two

12 actions are identical, the Board will move to join these two actions.[1]

13       The basic goal of both subpoena enforcement proceedings is to obtain from the Court an

14 order that will permit the administrative case to proceed with sufficient access to those Respondent

15 documents believed necessary to make a complete administrative record, but without causing undue

16 harm to the Respondent by unnecessary release of its confidential information.  That is, the Board

17 seeks an order:  (i) enforcing the Subpoenas, as modified by the Administrative Law Judge, and (ii)

18 requiring the Board and Charging Party to obey the Protective Order -- issued by the Board's

---

[1] While § 11(2) of the NLRA, 29 U.S.C. § 161(2), expressly grants district courts jurisdiction to enforce Board subpoenas, it limits that jurisdiction to cases brought "upon application by the Board." Thus, the NLRB is also filing the application on the relation of Charging Party to enforce its subpoena so as to ensure the Court's jurisdiction to enforce the two subpoenas, *Wilmot v. Doyle,* 403 F.2d 811, 814 (9th Cir. 1968), and, in order to bring Charging Party and its subpoena into these proceedings. *See, e.g., NLRB, on the relation of IUOE v. Consolidated Vacuum Corp.,* 395 F.2d 416, 418 (2d Cir. 1968).

Application for Enforcement             - 2 -           NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                                Region 19
Civil No. _____                                    2948 Jackson Federal Building
                                             915 Second Avenue
                                           Seattle, Washington
                                         (206) 220-6301

1   Administrative Law Judge at Respondent's request -- limiting the parties and Agency's use and

2   disclosure of those records that are deemed confidential.

3       In support of this Application, the Board respectfully declares and shows as follows:

4   Jurisdiction and Underlying Unfair Labor Practice Proceeding

5       1.    This Court has jurisdiction of the subject matter of the proceeding and of Respondent

6   by virtue of § 11(2) of the Act [29 U.S.C. § 161(2)] in that the inquiry underlying the issuance of the

7   subpoena *duces tecum* is being carried out within this judicial district and Respondent transacts

8   business within this judicial district, where it operates aircraft production facilities in different

9   locations throughout the greater Seattle, Washington area.  NLRB subpoenas issued pursuant to

10  § 11(1) of the NLRA are enforceable in federal district courts under § 11(2), 29 U.S.C. § 161(2),

11  which provides that "[i]n case of contumacy or refusal to obey a subpoena issued to any person" and

12  "upon application by the NLRB," federal district courts "have jurisdiction to issue to such person an

13  order requiring such person to appear before the NLRB, its member, agent, or agency, there to

14  produce evidence if so ordered . . . ." *Id.*

15      2.    The NLRB is an administrative agency of the Federal Government charged with

16  enforcement of the Act, 29 U.S.C. § 151 et seq.  The NLRB is divided between a quasi-judicial

17  Board and a General Counsel responsible for investigation and prosecution of cases before the

18  Board.  Regional Offices, headed by Regional Directors, are supervised by the General Counsel.

19  Regional Directors are authorized to issue complaints on behalf of the General Counsel and to issue

20  subpoenas at the request of parties to administrative unfair labor practice hearings on behalf of the

21  Board.  Administrative Law Judges conduct unfair labor practice hearings and issue decisions and

22  recommended orders, which are transferred to the Board for decision.  The General Counsel

Application for Enforcement                          - 3 -              NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                                           Region 19
Civil No. _____                                                2948 Jackson Federal Building
                                                                    915 Second Avenue
                                                                    Seattle, Washington
                                                                    (206) 220-6301

1    represents the NLRB in federal court proceedings to require obedience to subpoenas issued by the

2    Board.  Pursuant to § 6 of the Act, 29 U.S.C. § 156, the Board has issued Rules and Regulations,

3    Series 8, as amended 29 C.F.R. § 102 *et seq.* (the "Board's Rules"), governing the conduct of its

4    operations.

5            3.      Pursuant to the provisions of § 10(b) of the Act [29 U.S.C. 160(b)], there is currently

6    pending before the Board an unfair labor practice hearing before Administrative Law Judge Clifford

7    H. Anderson arising from the issuance of an administrative complaint in Board Case 19-CA-32431

8    (the "Administrative Complaint").  A copy of the transcript of the pending administrative unfair labor

9    practice hearing before Administrative Law Judge Anderson is attached to this Application as Exhibit

10   1.  Copies of the exhibits submitted by the Acting General Counsel, Charging Party, and

11   Respondent at the pending administrative hearing are attached to this Application as Exhibits 2

12   through 7.  (Exhibit 2 at 000234 through 000246).  The Administrative Complaint issued following the

13   investigation of the underlying charge filed with the Region 19 office of the Board by Charging Party.

14   (Exhibit 2 at 000249).  Each of these documents was prepared, filed, and served consistent with the

15   requirements of § 10(b) of the Act [29 U.S.C. § 160(b)], and of §§ 102.9 through 102.14 and 102.69

16   of the Board's Rules [29 C.F.R. §§ 102.9-102.14 and 102.69].  (Exhibit 2 at 000232-000233,

17   000247-000248).  Respondent filed an answer to the Administrative Complaint denying that it

18   violated the Act.  (Exhibit 2 at 000221-000231).

19           4.      The Administrative Complaint alleges that Respondent violated §§ 8(a)(1) and (3) of

20   the Act, 29 U.S.C. §§ 158(a)(1) and (3), by:  (1) making coercive statements to its employees that it

21   would remove or had removed work from their bargaining units represented by Charging Party

22   because employees had previously struck Respondent, and threatening or impliedly threatening that

Application for Enforcement                          - 4 -          NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                                        Region 19
Civil No. _____                                             2948 Jackson Federal Building
                                                                 915 Second Avenue
                                                                 Seattle, Washington
                                                                 (206) 220-6301

1    their bargaining units would lose additional work in the event of future strikes; and (2) deciding to

2    transfer a second 787 Dreamliner aircraft production line and a sourcing supply program for 787

3    Dreamliner production from their bargaining units represented by Charging Party to its non-union

4    site in North Charleston, South Carolina, or to subcontractors because Charging Party-represented

5    bargaining units had previously engaged in strikes against Respondent.[2]

6           5.    On June 14, 2011, Respondent moved to dismiss the Administrative Complaint for

7    failure to state a claim, as well as to strike the remedy sought by the Complaint.  A copy of

8    Respondent's Motion to Dismiss or to Strike is attached to this Application as Exhibit 8.  On June 30,

9    2011, the Administrative Law Judge denied Respondent's Motion to Dismiss in its entirety.  A copy

10   of the Administrative Law Judge's ruling is attached to this Application as Exhibit 9.[3]

11   Board Subpoena B-648185 and the ALJ's Rulings on its Enforcability

12          6.    In order to procure additional relevant records and documents for possible use in the

13   administrative hearing before Administrative Law Judge Anderson, Counsel for the Acting General

14   Counsel made a written request for and received subpoena *duces tecum* B-648185 (the

15   "Subpoena") from the Board.  (Exhibit 4 at 000001 through 000013).  On May 24, 2011, a

16   representative of the Acting General Counsel served the Subpoena on Respondent.  The Subpoena

---

[2] As part of the remedy for the alleged unfair labor practices, the Acting General Counsel is seeking a requirement that Respondent have the bargaining units represented by Charging Party operate its second line of 787 Dreamliner aircraft assembly production in the State of Washington, utilizing supply lines maintained by the bargaining units in Respondent's Seattle, Washington, and Portland, Oregon, area facilities. The Acting General Counsel does not seek to prohibit Respondent from making non-discriminatory decisions with respect to where work will be performed, including non-discriminatory decisions with respect to work at its North Charleston, South Carolina, facility (Exhibit 2 at 00234 through 00246).

[3] This Court should be advised that the Committee on Oversight and Government Reform of the United States House of Representatives has sought from the Acting General Counsel of the Board various documents related to the underlying unfair labor practice proceeding.  In response, the AGC has made a commitment to supply the Committee with relevant records in the Agency's possession contemporaneously with their availability to all parties in the proceeding.  At this time, it is not known whether the Committee will be interested in securing Respondent's confidential information if, and when, it is provided unredacted to all the parties pursuant to a Protective Order.

Application for Enforcement                          - 5 -          NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                                         Region 19
Civil No. _____                                              2948 Jackson Federal Building
                                                                  915 Second Avenue
                                                                  Seattle, Washington
                                                                  (206) 220-6301

1  required and directed Respondent's custodian of records to appear at 9:00 a.m. on June 14, 2011,

2  or any adjourned or rescheduled date, to testify in Board Case 19-CA-32431, and to bring with him

3  or her and produce specified books, records, correspondence, and documents.  The Subpoena was

4  issued under the authority of § 11(1) of the Act, 29 U.S.C. § 161(1), and in the manner and form

5  provided for in the Act and § 102.31 of the Board's Rules, 29 C.F.R. § 102.31.

6        7.    The Subpoena seeks records directly related to the allegations of the Administrative

7  Complaint, including information concerning Respondent's alleged coercive statements and threats

8  and the factual basis for such statements, as well as information related to Respondent's decision to

9  place a second 787 Dreamliner aircraft production line in South Carolina and to transfer a sourcing

10  supply program for 787 Dreamliner production to South Carolina or to subcontractors.  The

11  Subpoena also seeks information related to Respondent's affirmative defenses, including its

12  contentions that its decision to place the second 787 Dreamliner aircraft production line in South

13  Carolina was motivated by "a number of varied factors," that it would have taken the same action

14  even absent its consideration of the impact of future strikes, and that the remedy sought would

15  present an undue hardship.  (Exhibit 4 at 000001 through 000013).

16        8.    The Subpoena was properly served upon Respondent by United States mail to

17  Respondent's corporate headquarters, and by certified mail and email to Respondent's Counsel,

18  William Kilberg, Esq., of the law firm Gibson, Dunn & Crutcher LLP, located at 1050 Connecticut

19  Avenue, NW, Washington, DC 20036-5306 on May 24, 2011.  Respondent's Counsel had agreed in

20  writing on May 18, 2011, to accept service of subpoenas *duces tecum* on behalf of Respondent.

21  (Exhibit 4 at 000014-000030).  Service and receipt of the Subpoena complied with § 11(4) of the Act,

22  29 U.S.C. § 161(4), and § 102.113 of the Board's Rules, [29 C.F.R. § 102.113].

Application for Enforcement                    - 6 -          NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                                   Region 19
Civil No. _____                                        2948 Jackson Federal Building
                                                            915 Second Avenue
                                                            Seattle, Washington
                                                            (206) 220-6301

9.    Pursuant to § 11(1) of the Act, 29 U.S.C. § 161(1), and § 102.31(b) of the Board's Rules [29 C.F.R. § 102.31(b)], Respondent, through its Counsel, filed a timely petition to revoke the Subpoena, dated May 27, 2011.  (Exhibit 4 at 000031-000081).  The Acting General Counsel filed an opposition to Respondent's petition to revoke the Subpoena on June 7, 2011.  (Exhibit 4 at 000082-0000110).  On various dates between June 23 and July 14, 2011, the parties made oral arguments to the Administrative Law Judge concerning Respondent's claims that the Subpoena is overbroad, seeks information not relevant to the material factual issues in dispute, and is unduly burdensome.  The Administrative Law Judge ruled that Respondent is required to produce documents responsive to the Subpoena, as he had earlier orally limited and narrowed the Subpoena on the record.  (Exhibit 1 at 000168-000485, 000764-000806).  On October 20, 2011, Counsel for the Acting General Counsel withdrew the Acting General Counsel's request for subpoenaed documents identified by Respondent on a privilege log as being privileged from disclosure under the attorney-client privilege or work product privilege.  (Exhibit 1 at 002032-002033; Exhibit 5).

The ALJ's Protective Order

10.    On July 25, 2011, Respondent filed in the administrative proceeding a motion for a protective order so as to place a limit on persons who could have access to assertedly sensitive and confidential records and portions of records that would otherwise be responsive to the Subpoena and produced by Respondent.  (Exhibit 4 at 000193-000297).  The parties thereafter negotiated for terms of such a protective order, but did not reach agreement.  Following the Administrative Law Judge's solicitation of the parties' positions, the parties submitted briefs and made oral argument.  (Exhibit 1 at 000813-000886; Exhibit 4 at 000298-000611).  On August 12, 2011, the Administrative Law Judge issued a protective order (Exhibit 4 at 000837-000861).  On August 22, 2011, upon a

Application for Enforcement - 7 - NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185 Region 19
Civil No. _____ 2948 Jackson Federal Building
 915 Second Avenue
 Seattle, Washington
 (206) 220-6301

1   further motion of Respondent to clarify that order, Administrative Law Judge Anderson issued an

2   amended protective order (the "Protective Order").  (Exhibit 4 at 000612-000639, 000862-000880).

3        11.    On August 22, 2011, Bloomberg, L.P., the operator of global news service Bloomberg

4   News, filed a letter requesting modification of the Protective Order.  After considering the request

5   and written responses submitted by all parties, the Administrative Law Judge issued a written ruling

6   declining to modify the Protective Order.  (Exhibit 4 at 000640-000659, 000881-000893).

7        12.   The Protective Order sets forth a protocol for resolution of Respondent's confidentiality

8   claims.  The Protective Order recognizes "Confidential Information" as that which:

9              contains, includes, or consists of confidential, proprietary, and/or trade
10           secret financial, personal, business, or technical information that the
11           Respondent maintains in confidence in the ordinary course of business
12           and which, if disclosed, will cause specific financial and/or competitive
13           harm to the Respondent.

14
15   (Exhibit 4 at 000868).

16        13.    The Protective Order provides that, upon Respondent's designation and disclosure

17   of such information, "Confidential Information" shall only be made available to counsel for the

18   General Counsel and for Charging Party, witnesses, individuals assisting counsel, courtroom

19   personnel and adjudicative bodies, such as the Board.  (Exhibit 4 at 000869-000870, 000873).  The

20   Protective Order further provides that Respondent may designate additional heightened restrictions

21   on Charging Party IAM's access.  (Exhibit 4 at 000870-000871).  The Protective Order also provides

22   for a dispute resolution procedure whereby Counsel for the Acting General Counsel and counsel for

23   Charging Party IAM may challenge any of Respondent's designations and allows an opportunity for

24   Respondent to make a good cause showing for the same.  (Exhibit 4 at 000872).

25        14.    The Protective Order provides that if and when portions of documents designated

Application for Enforcement          - 8 -       NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                  Region 19
Civil No. _____                         2948 Jackson Federal Building
                                      915 Second Avenue
                                      Seattle, Washington
                                      (206) 220-6301

1    by Respondent as "Confidential Information" are proffered as exhibits to be placed into the

2    administrative record, those "Confidential Information" documents will be placed into the

3    administrative record under provisional seal upon motion of any party, without any further findings by

4    the Administrative Law Judge at that time.  Such provisional seal may be made permanent upon

5    motion by Respondent at the conclusion of the hearing.  If, at the end of the hearing, the

6    Administrative Law Judge rejects such a motion and decides to unseal an earlier provisionally

7    sealed exhibit, filing, or transcript excerpt, any such material shall remain provisionally sealed

8    pending resolution of further review of that decision.  (Exhibit 4 at 000873-000874).

9    <u>The Protective Order in Practice and the Administrative Law Judge's Rulings</u>

10           15.      On various dates between June 14 and October 7, 2011, Respondent provided

11   Counsel for the Acting General Counsel and for Charging Party (a) copies of the subpoenaed

12   documents it contends include confidential information, with all asserted "Confidential Information"

13   redacted, and (b) redaction logs providing information about the bases for its redactions.

14   Respondent then submitted affidavits in support of its asserted bases for its redactions.  (See

15   Affidavits at Exhibit 4 at 000281-000285, 000803-000813, 000894-000992).

16           16.      On October 20, 2011, Counsel for the Acting General Counsel and Counsel for

17   Charging Party agreed to treat *all information* Respondent had designated as "Confidential

18   Information" as properly subject to that designation and to the limitations upon their use as provided

19   in the Protective Order. Administrative Law Judge Anderson then ordered that those documents be

20   produced in unredacted form, subject to the confidentiality protections set forth in the Protective

21   Order.  (Exhibit 1 at 002024-002025).  Such production in unredacted form has not yet been made

22   by Respondent.

Application for Enforcement                        - 9 -              NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                                           Region 19
Civil No. _____                                                 2948 Jackson Federal Building
                                                                     915 Second Avenue
                                                                     Seattle, Washington
                                                                     (206) 220-6301

1        17.    On various dates during the proceeding, Respondent sought the following *additional*

2    restriction on Charging Party's access to certain specified redacted portions of some of the redacted

3    documents:

4        Redacted information shall not be viewed, shared, or otherwise communicated to
5        Charging Party, or any employee, officer or representative of the IAM or its
6        counsel. However, counsel for charging party who will not be participating in the
7        2012 collective bargaining negotiations between Charging Party and Respondent
8        will be permitted to view the restricted information.

9    (Exhibit 4 at 000733-000737).  These documents are Bates numbered:

| | | |
|---|---|---|
| NLRB_004284 | NLRB_007841 | NLRB_009864 |
| NLRB_004285 | NLRB_007846 | NLRB_009875 |
| NLRB_004318 | NLRB_007855 | NLRB_009877 |
| NLRB_004322 | NLRB_007865 | NLRB_009878 |
| NLRB_004325 | NLRB_007867 | NLRB_009887 |
| NLRB_004326 | NLRB_007871 | NLRB_009891 |
| NLRB_004327 | NLRB_007875 | NLRB_009894 |
| NLRB_007732 | NLRB_007879 | NLRB_009895 |
| NLRB_007734 | NLRB_007888 | NLRB_009896 |
| NLRB_007738 | NLRB_007908 | NLRB_009915 |
| NLRB_007741 | NLRB_007911 | NLRB_009923 |
| NLRB_007742 | NLRB_007918 | NLRB_009939 |
| NLRB_007743 | NLRB_007920 | NLRB_009940 |
| NLRB_007799 | NLRB_007931 | NLRB_010239 |
| NLRB_007800 | NLRB_007952 | NLRB_010241 |
| NLRB_007822 | NLRB_009794 | NLRB_010246 |
| NLRB_007824 | NLRB_009825 | NLRB_010247 |
| NLRB_007827 | NLRB_009826 | NLRB_010289 |
| NLRB_007832 | NLRB_009835 | NLRB_010291 |
| NLRB_007836 | NLRB_009861 | NLRB_010293 |
| NLRB_007837 | NLRB_009863 | |

10       18.    On September 7 and 12, 2011, the parties submitted written arguments addressing

11   the general factors to be considered by Administrative Law Judge Anderson in considering

12   Respondent's requested heightened restriction on Charging Party's access to documents (described

13   immediately above) and, on various dates between September 14 and October 19, 2011, the parties

Application for Enforcement
of Board Subpoena B-648185
Civil No. _____
- 10 -
NATIONAL LABOR RELATIONS BOARD
Region 19
2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

1   submitted to Administrative Law Judge Anderson disputes concerning Respondent's claims that

2   Charging Party's access to particular subpoenaed documents should be restricted.  (Exhibit 1 at

3   001277-001321, 001394-001407, 001455-001724, 001978-001994).

4      19.  After conducting an *in camera* inspection of unredacted versions of the documents

5   at issue for the requested heightened Charging Party IAM use restriction, Administrative Law Judge

6   Anderson ruled that Charging Party's access to the portions of the documents for which Respondent

7   sought heightened Charging Party IAM use restrictions should not be so restricted and ordered that

8   the documents be produced in unredacted form, without the requested heightened restrictions on

9   access by Charging Party.  (Exhibit 1 at 001277-001321, 001394-001407, 001455-001724, 001978-

10   001994).

11   Respondent's Assertion of the "*Berbiglia*" Privilege[4]

12      20.  On October 14 and 18, 2011, Respondent moved Administrative Law Judge

13   Anderson to find that portions of certain documents responsive to the Subpoena may be withheld

14   from any disclosure based on a qualified labor-relations strategy privilege recognized by the Board.

15   (Exhibit 1 at 001728-001844).  On October 14 and 18, 2011, the parties engaged in oral argument

16   over Respondent's privilege claims in this regard.  After conducting an *in camera* inspection of the

17   allegedly privileged portions of the subpoenaed documents, Administrative Law Judge Anderson

18   ruled orally on the record that the documents marked with the following Bates numbers are not

19   privileged under the Board's labor-relations strategy privilege and ordered that the documents be

20   produced in unredacted form (to the extent such documents were designated "Confidential

21   Information" by Respondent, they would retain the protections of the Protective Order):

---

[4] *Berbiglia, Inc.*, 233 NLRB 1476 (1977).

Application for Enforcement     - 11 -   NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185          Region 19
Civil No. _____            2948 Jackson Federal Building
                   915 Second Avenue
                   Seattle, Washington
                   (206) 220-6301

1  NLRB_009768
2  NLRB_009773 (except for a portion of the fourth line of the redacted paragraph)
3  NLRB_009941
4  NLRB_009942
5  NLRB_009943
6  NLRB_009945
7  NLRB_009773
8  NLRB_009946

9  (Exhibit 1 at 001728-001843).  Such production in unredacted form has not yet been made by

10  Respondent.

11      21.     The Respondent's records that Administrative Law Judge Anderson ruled *can be*

12  *withheld* based on Respondent's claim of labor-relations strategy privilege are not being sought in

13  this proceeding and are accordingly not in issue.

14  Respondent's Partial Compliance with the Subpoena

15      22.     Respondent has represented to the Administrative Law Judge that it is producing

16  substantially all subpoenaed documents, but that it has redacted from those documents all

17  information that it contends requires either confidential treatment or heightened restrictions on

18  access by Charging Party IAM and all information that it contends is privileged from disclosure under

19  the Board's labor-relations strategy privilege.  (Exhibit 1 at 000966-001045).

20      23.     Respondent has further represented that it will continue to refuse to comply with

21  Administrative Law Judge Anderson's order to produce unredacted the "Confidential Information"

22  until a federal district court issues a protective order in proceedings to enforce the Subpoena under

23  § 11(2) of the Act, 29 U.S.C. § 161(2).  (Exhibit 1 at 002016-002017).  Respondent has also stated

24  that it may seek review of Administrative Law Judge Anderson's rulings (a) rejecting Respondent's

25  requested heightened restrictions on Charging Party's access to portions of certain documents and

26  (b) rejecting Respondent's claims that portions of certain documents are completely privileged from

Application for Enforcement          - 12 -         NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                            Region 19
Civil No. _____                                2948 Jackson Federal Building
                                                915 Second Avenue
                                                Seattle, Washington
                                                (206) 220-6301

1  disclosure under the Board's labor-relations strategy privilege.  (Exhibit 1 at 001754, 002016-

2  002017).

3        24.      Respondent's refusal to produce documents material to the litigated issues in the

4  administrative proceedings before Administrative Law Judge Anderson constitutes contumacious

5  conduct within the meaning of § 11(2) of the Act, 29 U.S.C. § 161(2), which conduct is impeding the

6  administrative unfair labor practice proceeding described above in paragraph 3, and preventing the

7  Board from carrying out its duties and functions under the Act.

8        **WHEREFORE**, the National Labor Relations Board respectfully prays:

9        1.      That an order to show cause issue directing Respondent to appear before this

10  Court on a date specified and show cause why an order should not issue (a) directing its custodian

11  of records to appear before Administrative Law Judge Clifford H. Anderson in Board Case 19-CA-

12  32431 at such time and place as Administrative Law Judge Anderson may designate and to produce

13  unredacted the subpoenaed documents that Administrative Law Judge Anderson has ordered it to

14  produce in unredacted form, to give testimony, and to answer all questions relevant to the

15  maintenance and production of these records at the Board's unfair labor practice hearing, and (b)

16  affirming and ordering compliance with  the Protective Order issued by Administrative Law Judge

17  Anderson;

18        2.      That upon the return of said order to show cause, this Court issue an order (a)

19  requiring Respondent's custodian of records to appear before Administrative Law Judge Anderson,

20  at a time and place to be fixed by Administrative Law Judge Anderson, and to produce unredacted

21  the subpoenaed documents, to give testimony, and to answer all questions relevant to the

22  maintenance and production of records at the Board's unfair labor practice hearing, affirming and,

Application for Enforcement          - 13 -          NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                        Region 19
Civil No. _____                              2948 Jackson Federal Building
                                                  915 Second Avenue
                                                  Seattle, Washington
                                                   (206) 220-6301

1  (b) ordering all parties to comply with the Protective Order issued by Administrative Law Judge

2  Anderson; and

3        3.    That the Applicant, National Labor Relations Board, be granted such other and

4  further relief as may be necessary and appropriate.

5        DATED AT Seattle, Washington this 22nd day of November, 2011.

6                      Respectfully Submitted,

7             By: /s/ Anne P. Pomerantz

8               /s/ Mara-Louise Anzalone

9               /s/ Peter G. Finch

10              /s/ Rachel Harvey

11              ANNE P. POMERANTZ  CA Bar 204059; NY Bar 2398428

12              MARA-LOUISE ANZALONE   NY Bar 2770592

13              PETER G. FINCH   WA Bar 27705

14              RACHEL HARVEY   FL Bar 763411

15

16              National Labor Relations Board

17              Region 19

18              2948 Jackson Federal Building

19              915 Second Avenue

20              Seattle, Washington  98174

21              Telephone: (206) 220-6301

22              Facsimile:  (206) 220-6305

23              Email:     Anne.Pomerantz@nlrb.gov

24                          Mara-Louise.Anzalone@nlrb.gov

25                          Peter.Finch@nlrb.gov

26                          Rachel.Harvey@nlrb.gov

27

28              Counsel for Applicant

29

Application for Enforcement       - 14 -       NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648185                    Region 19
Civil No. _____                           2948 Jackson Federal Building
                                         915 Second Avenue
                                         Seattle, Washington
                                         (206) 220-6301